IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MMG INSURANCE COMPANY,     )
    )
       Plaintiff,     )
    )
vs.     )
    )
PODIATRY INSURANCE COMPANY     )     CIVIL ACTION NO. _____
OF AMERICA,     )
    )
       Defendant.     )
    )
    )
    )

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 USC §§1332, 1441 and 1446, the defendant identified in the Complaint as Podiatry Insurance Company of America (hereinafter "PICA"), hereby gives notice of the removal of this action from the Cumberland County Superior Court, Maine, where it was filed, to the United States District Court for the District of Maine. PICA states the following grounds for the removal of this action:

### <u>Grounds for Removal</u>

Removal of this case is proper because (1) this notice is filed within 30 days after receipt by the defendant of a copy of the initial pleading; (2) the controversy is entirely between citizens of different states; and (3) the amount in controversy, exclusive of costs and interest, exceeds the jurisdictional threshold.

I.      **Removal is Timely**.

1.      On or about November 9, 2016, plaintiff MMG Insurance Company (hereinafter "MMG") filed a lawsuit against PICA in the Cumberland County Superior Court of Maine, Civil Action No. CV-2016-438.  This lawsuit follows settlement of an underlying civil action in which both PICA and MMG paid equal shares of the total settlement amount.  (Compl. ¶ 8).  Plaintiff's Complaint requests that "judgment [be entered] against PICA for the total sum of MMG's Contribution to the [underlying] settlement . . . with costs, interest and other such relief as the Court may deem appropriate."  (Compl. pg. 4).

2.      PICA received a copy of the Complaint via e-mail on November 10, 2016.  PICA was officially served with a copy of the Complaint on November 17, 2016.  (*See* CSC Notice of Service of Process, included in Exhibit 1.)

3.      A true and correct copy of all process, pleadings, and orders served on PICA in the State Court Action to date is attached at Exhibit 1.  The Circuit Clerk of Cumberland County is also being notified in writing of this removal in accordance with 28 U.S.C. § 1446(b).  *See* Exhibit 1(C).

4.      Removal of this case is timely as this Notice is filed within thirty (30) days after receipt of the Complaint by the defendant PICA.

## II.      Complete Diversity of Citizenship Exists Between the Parties.

5.      There is a complete diversity of citizenship between plaintiff and defendant. Removal is appropriate in "any civil action brought in a State court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter because the suit is between "citizens of different States" as required by 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

6.      Plaintiff MMG is an insurance company organized under the laws of the State of Maine with authority to transact the business of insurance in the State of Maine (Compl. ¶ 1), and its principal place of business in the State of Maine.

7.      Defendant PICA is an insurance company incorporated and existing under the laws of the State of Illinois with its principal place of business in Franklin, Tennessee. (*See* Exhibit 2, Hart Aff. ¶ 3, filed under seal). PICA is wholly owned by PRA Professional Liability Group, Inc., a Delaware corporation with its principal place of business in Alabama. (*Id.*) PRA Professional Liability Group, Inc., in turn, is wholly owned by ProAssurance Corporation, a publicly-traded Delaware corporation with its principal place of business in Alabama. (*Id.*)

## III.      The Amount in Controversy Exceeds the Jurisdictional Threshold.

8.      PICA, as the defendant seeking removal, has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Finley v. George Weston Bakeries Distribution, Inc.,* 473 F. Supp. 2d 105, 106 (D. Me. 2007). Where, as here, the plaintiff's Complaint does not state a dollar figure in its demand, this Court "must turn to other pleadings and supporting documentation to ascertain whether Defendant has met its burden to invoke federal jurisdiction." *Doughty v. Hyster New*

*England, Inc.,* 344 F. Supp. 2d 217, 219 (D. Me. 2004).  *See also Dep't of Recreation and Sports of P.R. v. World Boxing Ass'n,* 942 F.2d 84, 88 (1st Cir. 1991) (noting that in attempting to prove the jurisdictional amount, "[a] party may meet [its] burden by amending the pleadings or submitting affidavits.").

9.      In support of its assertion that the amount in controversy in this matter exceeds the jurisdictional threshold, PICA has submitted an affidavit from Jeffery L. Hart, PICA Professional Claims Liability Specialist.  Due to the confidential nature of the information contained in Mr. Hart's affidavit with regard to the underlying settlement, Mr. Hart's affidavit has been filed under seal with this Court.

10.      Mr. Hart's affidavit affirmatively states and establishes that the amount in controversy for this matter exceeds the jurisdictional threshold.  (*See* Ex. 2, Hart Aff. ¶ 5).

<u>Conclusion</u>

This Notice of Removal has been timely filed within thirty (30) days after receipt by defendant PICA of the initial pleading upon which the case is based; the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs; and complete diversity of citizenship exists between the parties to this action.  PICA submits that all requirements for removal are met and requests that the Court exercise its rightful and proper jurisdiction over this case.

PICA requests the opportunity to brief, argue, and present evidence before the Court on any issue or question concerning the removal of this case in the event remand is sought by plaintiff or otherwise visited by the Court.

Respectfully Submitted,

/s/Karen Frink Wolf
Karen Frink Wolf, ME Bar No. 3151

kwolf@verrilldana.com
Braden M. Clement, ME Bar No. 5290
bclement@verrilldana.com
Counsel for Defendant Podiatry Insurance
Company of America

VERRILL DANA, LLP
One Portland Square
Portland, ME  04112-0586
207-774-4000

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2016, I electronically filed this Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all persons who have entered an appearance.

I further certify that on December 7, 2016, I served the foregoing document by U.S. Mail, first class, postage pre-paid, upon all parties and/or attorneys of record, specifically MMG Insurance Company through:

James D. Poliquin (Bar No. 2474)
NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600

and to the following attorneys, to be admitted *pro hac vice*, via e-mail:

Scott M. Salter, Alabama Bar No. 7168R57S
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor,
P.O. Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

Allison J. Adams, Alabama Bar No. 0168A50G
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor,
P.O. Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

s/ Karen Frink Wolf